IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-63,282-04




EX PARTE RAMIRO HERNANDEZ aka RAMIRO HERNANDEZ LLANAS





ON APPLICATION FOR WRIT OF HABEAS CORPUS
AND MOTION TO STAY THE EXECUTION 
IN CAUSE NO. A97364-4 IN THE 216TH JUDICIAL DISTRICT COURT
KERR COUNTY




           Per Curiam. Hervey, J., not participating. 


O R D E R

           This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5 and a motion to stay
applicant’s execution.



           In February 2000, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Article 37.071, and the trial court,
accordingly, set punishment at death. This Court affirmed applicant’s conviction and
sentence on direct appeal. Hernandez v. State, No. AP-73,776 (Tex. Crim. App. Dec. 18,
2002)(not designated for publication).
           Applicant filed his initial post-conviction application for writ of habeas corpus in
the convicting court on May 2, 2002. This Court denied relief. Ex parte Hernandez, No.
WR-63,282-01 (Tex. Crim. App. Sept. 10, 2008)(not designated for publication). 
Applicant filed his first subsequent application for a writ of habeas corpus in the trial
court on September 8, 2009, and this Court dismissed it. Ex parte Hernandez, No. WR-63,282-02 (Tex. Crim. App. Nov. 25, 2009)(not designated for publication). Applicant
filed his second subsequent application for a writ of habeas corpus in the trial court on
January 22, 2010, and this Court dismissed that application. Ex parte Hernandez, No.
WR-63,282-03 (Tex. Crim. App. Mar. 31, 2010)(not designated for publication). 
Applicant filed this his third subsequent application for a writ of habeas corpus in the trial
court on March 31, 2014. 
           In three claims in this subsequent writ application, applicant asserts that his death
sentence cannot stand because the State unknowingly presented false evidence at trial
which violated his right to due process. We have reviewed applicant’s claims and find
that they fail to meet the dictates of Article 11.071 § 5. Accordingly, we dismiss the
application as an abuse of the writ without considering the merits of the claims, and we
deny applicant’s motion to stay his execution.
           IT IS SO ORDERED THIS THE 4th DAY OF APRIL, 2014.
 
Do Not Publish